UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                            :

UNITED STATES OF AMERICA            :

                                                            :         19-CR-374 (JMF)

      - v -                                  :

                                                            :         ORDER

MICHAEL AVENATTI,                    :

                                                            :

                          Defendant.      :

                                                            :
------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

      During trial in this matter, Defendant Michael Avenatti sought to represent himself, citing, among other things, "a breakdown in the relationship" with his counsel — Robert Baum, Andrew Dalack, and Tamara Giwa of Federal Defenders of New York ("FDNY") — "that goes to the heart of [his] ability to mount a defense," including "disagreements as to the scope and method of cross-examination" of his former assistant. *See* Trial Tr. 441. The Court granted the motion and appointed Baum, Dalack, and Giwa as standby counsel. *See id.* at 460, 463.

      Yesterday, standby counsel filed a letter motion asking the Court to assign Avenatti counsel from the Criminal Justice Act ("CJA") panel. *See* ECF No. 422. They assert that it is "impossible for [Avenatti] to effectively represent himself in this matter going forward" given that he is now detained. *Id.* at 1. And they assert that assignment of CJA counsel "is warranted because a conflict of interest exists with the [FDNY], in part due to Mr. Avenatti's statements about [their] representation at the time he sought leave to proceed pro se." *Id.* They request appointment of Benjamin Silverman, a member of the CJA Panel who is retained to represent Avenatti in connection with the Nike extortion case, on the ground that his "familiarity with some of the issues to be addressed at sentencing will likely facilitate an efficient transition of

counsel and avoid any unnecessary delay in the sentencing hearing." *Id.* at 2.

The motion is DENIED without prejudice. In view of Avenatti's conviction and detention, the Court is open to reappointing counsel to represent him, but — given the nature of the right involved (i.e., the Sixth Amendment right to self-representation) and given that standby counsel does not represent him in full — the Court will not do so absent a request from Avenatti himself.[1] Moreover, in the event that Avenatti does make a request himself, the Court would be inclined to reappoint FDNY as counsel absent a more compelling showing that there is a genuine conflict of interest; the current record certainly does not support the existence of such a conflict.[2] Finally, in the event that Avenatti makes a request and the Court decides that appointment of new counsel is appropriate, it will adhere to the CJA Plan and appoint the CJA Panel member on duty; it will not appoint counsel of Avenatti's (or FDNY's) choosing.

The Clerk of Court is directed to terminate ECF No. 422.

SO ORDERED.

Dated: February 17, 2022
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] The Court would accept a declaration signed by Avenatti requesting appointment of counsel. Alternatively, the Court is prepared to hold a teleconference or videoconference.

[2] That is, the fact that Avenatti and FDNY had irreconcilable disagreements over the conduct of his defense *at trial* does not suggest that there are disagreements, let alone a conflict of interest, with respect to post-trial motions and sentencing. Moreover, the Court notes that Avenatti relied on standby counsel for assistance and strategic advice throughout trial and, from all appearances, had a good working relationship with them. He regularly consulted with them, *see, e.g.*, Trial Tr. 1828; requested permission for them to address the Court on several occasions, *see, e.g., id.* at 794-95, 1390, 1490, 1568; and even invited Baum to deliver his summation to "alleviate" concerns about his giving unsworn testimony, *id.* 1532.